UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PERLIGHT SOLAR CO. LTD.,

    Plaintiff,

v.                                             C.A. No. 14-331-LPS

PERLIGHT SALES NORTH AMERICA LLC,
ZEBRA ENERGY LLC, SMALLBEARD SOLAR
LLC, SUNNY LIU, and GIDEON NEEDLEMAN

    Defendants

---

Marc S. Casarino, Esquire, WHITE AND WILLIAMS LLP, Wilmington, DE

    Attorney for Plaintiff Perlight Solar Co. Ltd.

Kelly E. Farnan, RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE

Salvatore Guerriero, CAESER, RIVISE, BERNSTEIN, COHEN & POKOTILOW, LTD, Philadelphia, PA

    Attorneys for Defendants

---

## MEMORANDUM OPINION

September 18, 2015
Wilmington, Delaware

*[signature]*

STARK, U.S. District Judge:

Pending before the Court is Defendants Perlight Sales North America LLC, Zebra Energy LLC, Smallbeard Solar LLC, Sunny Liu, and Gideon Needleman's (collectively "Defendants") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3), or, in the alternative, for a stay. (D.I. 24) Also before the Court is Plaintiff Perlight Solar Company's ("Plaintiff") request for jurisdictional discovery. (D.I. 32 at 16-17) For the reasons discussed below, the Court will grant in part and deny in part Defendants' motion and deny Plaintiff's request.

## I. BACKGROUND

### A. Factual History

Plaintiff Perlight Solar Co. Ltd. is a corporation incorporated in China with its principal place of business in Wenling City, Zhejiang Province, China. (D.I. 22 at ¶ 38) Defendant Perlight Sales North America LLC (hereinafter, "PSNA") is a limited liability company ("LLC") formed under the laws of California. (D.I. 25 at 1) Defendant Zebra Energy LLC ("Zebra") is an LLC formed under the laws of Nevada. (*Id.*) Defendant Smallbeard Solar LLC ("Smallbeard") is an LLC formed under the laws of Delaware. (*Id.*) Defendants Sunny Liu (hereinafter, "Liu") and Gideon Needleman (hereinafter, "Needleman") are residents of El Segundo, California. (D.I. 22 at ¶¶ 42-43) No Defendant is alleged to reside in Delaware or to have a principal place of business in Delaware.

Plaintiff is the owner of United States Trademark Registration No. 4,069,126 for the trademark PERLIGHT. Plaintiff uses the mark to promote and identify its galvanic cells, electric accumulators, solar batteries, chargers for electric batteries, monocrystalline silicon chips,

1

polycrystalline silicon chips, inverters for electricity, distribution boxes for electricity, materials for electricity mains, and lightning arresters. (*Id.* at ¶ 67; *see also id.* ex. 1) Plaintiff asserts that it has used the PERLIGHT mark in commerce since at least 2010 and, accordingly, that it has valid statutory and common law rights to the mark. (D.I. 22 at ¶¶ 68-69) Plaintiff alleges that Defendants infringed its mark through their manufacture, distribution, provision, advertising, promotion, offering for sale, and/or sale of solar panels and related goods using an infringing mark. (*Id.* at ¶¶ 76-87) This suit arises primarily out of a course of dealing beginning in or around October 2010, at which time Liu, Needleman, PSNA, and Smallbeard entered into an oral agreement with Plaintiff to act as sales representatives in the United States for Plaintiff's solar power equipment. (*Id.* at ¶ 45)

### B. Procedural History

Plaintiff filed suit on March 14, 2014, alleging trademark infringement and unfair competition under the Lanham Act and Delaware law as well as breach of contract. (D.I. 1) On July 7, 2014, after Defendants filed a motion to dismiss, Plaintiff filed an Amended Complaint. (D.I. 22) On September 22, 2014, Defendants filed the pending motion to dismiss or, in the alternative, for a stay. (D.I. 24) Briefing was completed on October 23, 2014. (D.I. 36)

## II. LEGAL STANDARDS

### A. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) directs the Court to dismiss a case when it lacks personal jurisdiction over the defendant. To determine whether it can exercise personal jurisdiction over a defendant, the Court employs a two part test. First, the Court analyzes the long-arm statute of the state in which the Court is located. *See IMO Indus., Inc. v. Kiekert AG,*

2

155 F.3d 254, 259 (3d Cir. 1998). Next, the Court determines whether exercising jurisdiction over the defendant would comport with the Due Process Clause of the Constitution. *See id.* Due Process is satisfied if the Court finds the existence of "minimum contacts" between the nonresident defendant and the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing, by a preponderance of the evidence and with reasonable particularity, the existence of sufficient minimum contacts between the defendant and the forum to support jurisdiction. *See Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987); *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984). To meet this burden, the plaintiff may need to produce "sworn affidavits or other competent evidence," as a Rule 12(b)(2) motion may "require[] resolution of factual issues outside the pleadings." *Time Share*, 735 F.2d at 66 n.9; *see also Philips Elec. N. Am. Corp. v. Contec Corp.*, 2004 WL 503602, at *3 (D. Del. 2004). If no evidentiary hearing has been held, a plaintiff "need only establish a prima facie case of personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). A plaintiff "presents a prima facie case for the exercise of personal jurisdiction by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

On a motion to dismiss for lack of personal jurisdiction, "the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc.*

*v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). However, "courts may rely upon matter outside the pleadings in determining jurisdictional facts." *Water & Sand Int'l Capital, Ltd. v. Capacitive Deionization Tech. Sys., Inc.*, 563 F. Supp.2d 278, 282 (D.D.C. 2008). A court is free to revisit the issue of personal jurisdiction if it is later revealed that the facts alleged in support of jurisdiction are in dispute. *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 331 (3d Cir. 2009).

### B. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(3)

A court may dismiss a lawsuit for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). The court must determine whether venue is proper in accordance with the appropriate statutes. *See Albright v. W. L. Gore & Assocs., Inc.*, 2002 WL 1765340, at *3 (D. Del. 2002) (citing *Kerobo v. Sw. Clean Fuels Corp.*, 285 F.3d 531, 538 (6th Cir. 2002)). Venue generally must be established for each separate claim in a complaint. *See Stein v. Chemtex Int'l, Inc.*, 2004 WL 722252, at *1 (D. Del. 2004). The moving party has the burden of proving that venue is improper. *See id.*

Pursuant to 28 U.S.C. § 1406, where venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

### C. Request for a Stay

A decision to stay a federal action in favor of a co-pending parallel state action is justified only in "extremely limited circumstances." *See Ryan v. Johnson*, 115 F.3d 193, 195 (3d Cir. 1997) "'[A]bdication of the obligation to decide cases can be justified only in the exceptional circumstances where the order to the parties to repair to the state court would serve an important

4

countervailing interest.'" *Id.* at 195-96 (quoting *Col. River Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)). A stay of a federal action is warranted upon a showing that (1) the federal and state actions are "parallel" and (2) "exceptional circumstances" exist that warrant a stay. *Sanitec Indus., Inc. v. Sanitec Worldwide, Ltd.*, 376 F. Supp. 2d 575, 578 (D. Del. 2005).

## III. DISCUSSION

Defendants' motion and Plaintiff's response raise four issues: (1) whether this Court has personal jurisdiction over PSNA, Zebra, Liu, and Needleman; (2) whether Plaintiff is entitled to jurisdictional discovery; (3) whether this Court is a proper venue for this suit under 28 U.S.C. § 1391; and (4) whether a stay is warranted because of the pending litigation in Texas state court. The Court will address each of these issues in turn.

### A. Personal Jurisdiction

All of Plaintiff's theories of personal jurisdiction relate to Smallbeard, a Delaware corporation which is undisputedly subject to this Court's jurisdiction under a theory of general personal jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54 (2011) (explaining that corporation is "regarded as at home," and is thus subject to general jurisdiction, at its place of incorporation and its principal place of business). Plaintiff seeks to assert personal jurisdiction over the other Defendants based on their relationships with Smallbeard.

#### 1. PSNA

Plaintiff argues that this Court has personal jurisdiction over PSNA under Delaware's long-arm statute, 10 Del. C. § 3104, based on "agency" or "alter ego" theories. (D.I. 32 at 8-10, 12) Under Delaware law, there are two theories under which a court may exercise jurisdiction

5

over one entity based on the actions of another. *See Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1463-64 (D. Del. 1991). Under the agency theory, courts consider the extent to which one company (e.g., a parent) exercises control over another company (e.g., a subsidiary). The factors relevant to this determination include: (1) the extent of overlap of officers and directors, (2) methods of financing, (3) the division of responsibility for day-to-day management, and (4) the process by which each corporation obtains its business. No one factor is either necessary or determinative; rather, it is the combination of elements that is significant. *See id.* The agency theory does not require a parent-subsidiary association, as two otherwise independent corporations may develop a limited agency relationship. *See id.* Under the alter ego doctrine, courts will ignore the corporate boundaries between a parent and subsidiary if fraud or inequity is shown. *See id.*

Plaintiff has failed to allege sufficient facts to support a finding of jurisdiction under the agency theory.[1] "Under the agency theory . . . only acts by the agent that were directed by the principal may provide the basis for jurisdiction." *Id.* at 1467. Plaintiff has not alleged that PSNA undertook any actions in Delaware other than forming Smallbeard. This is insufficient to make Smallbeard the agent of PSNA (or any other Defendant).

Plaintiff also contends that PSNA is the alter ego of Smallbeard because the two companies conducted their business as one entity vis-a-vis Perlight and third parties. Specifically, the two companies acted jointly with respect to certain sales, disregarded corporate

---

[1] Under the agency theory, a court may, in limited circumstances, exercise jurisdiction over a principal based on the actions of its agent. Here, however, it appears that Plaintiff is urging the Court to exercise jurisdiction over an agent (PSNA) based on the actions of its principal (Smallbeard). (D.I. 32 at 12)

6

formalities, and shared the same mailing address. (D.I. 32 at 8-9)

Under Delaware law:

> an alter ego analysis must start with an examination of factors which reveal how the corporation operates and the particular defendant's relationship to that operation. These factors include whether the corporation was adequately capitalized for the corporate undertaking; whether the corporation was solvent; whether dividends were paid, corporate records kept, officers and directors function[ed] properly, and other corporate formalities were observed; whether the dominant shareholder siphoned corporate funds; and whether, in general, the corporation simply functioned as a facade for the dominant shareholder.

*Marnavi S.p.A. v. Keehan*, 900 F. Supp. 2d 377, 392 (D. Del. 2012) (internal quotation marks omitted); *see also Maloney-Refaie v. Bridge at School, Inc.*, 958 A.2d 871, 881 (Del. Ch. 2008). "[N]o single factor could justify a decision to disregard the corporate entity, but . . . some combination of them [is] required, and . . . an ***overall element of injustice or unfairness must always be present*** . . . ." *United States v. Golden Acres, Inc.*, 702 F. Supp. 1097, 1104 (D. Del. 1988) (emphasis added). In addition, a court may disregard the corporate form in the interest of justice when fraud is involved. *See Malone-Refaie*, 958 A.2d at 881.

The facts alleged by Plaintiff are insufficient to establish personal jurisdiction under the alter ego theory. Plaintiff alleges that PSNA and Smallbeard entered into sales agreements jointly, were reimbursed jointly, and "acted jointly, without regard to corporate formalities, with respect to" sales agreements. (D.I. 22 at ¶¶ 16-17) Plaintiff also alleges that Smallbeard and PSNA were not following corporate formalities, that they mixed their funds, and that Smallbeard was used as a corporate "shield" for PSNA. (*Id.* at ¶¶ 10-11) None of these alleged facts, even when considered in combination and viewed in the light most favorable to Plaintiff, establish

7

personal jurisdiction under the "alter ego" theory. Plaintiff has not alleged any fraud, injustice, or unfairness, which is necessary to pierce the corporate veil under the alter ego theory. *See Golden Acres*, 702 F. Supp. at 1104.

### 2. Zebra

Plaintiff asserts that Zebra is an agent or alter ego of PSNA, and thus is subject to personal jurisdiction. (D.I. 22 at ¶¶ 21-22; D.I. 32 at 10-11, 13) Plaintiff also argues that personal jurisdiction exists because Zebra engaged in a de facto merger with PSNA. (D.I. 22 at ¶¶ 25-26) Because the Court has determined that it lacks personal jurisdiction over PSNA, Plaintiffs' theories cannot support personal jurisdiction over Zebra.

### 3. Liu and Needleman

Plaintiff asserts that Liu and Needleman are subject to personal jurisdiction under 6 Del. C. § 18-109, which creates jurisdiction over all managers of a Delaware LLC "in all civil actions or proceedings brought in the State of Delaware involving or relating to the business of the limited liability company," as well as under the agency and alter ego theories and Delaware's long-arm statute. (D.I. 22 at ¶¶ 27-36) Under § 18-109, if Liu and Needleman are managers of Smallbeard, as alleged by Plaintiff, they are subject to personal jurisdiction with respect to this suit, which relates to the business of Smallbeard. *See generally Assist Stock Mgmt. L.L.C. v. Rosheim*, 753 A.2d 974, 980 (Del. Ch. 2000) (explaining apparent breadth of section 18-109 and noting that case-by-case application of minimum contacts analysis can protect against unconstitutional application of it). The Court need not address the complex question of whether Liu and Needleman are managers within the meaning of the statute, because even if Plaintiffs have shown that a statutory basis for jurisdiction is present, they have failed to meet their burden

8

under the second part of the test.

Under the Due Process Clause, specific jurisdiction over a non-resident defendant depends on "the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (internal quotation marks omitted). For the exercise of jurisdiction to be consistent with due process, "the defendant's suit-related conduct must create a substantial connection with the forum State" and this relationship must "arise out of contacts the defendant *himself* creates." *Id.* at 1121-22 (internal quotation marks omitted). As discussed above, there are no contacts alleged between either Liu or Needleman and Delaware except for their alleged relationship with Smallbeard, a Delaware LLC. This contact is not related to the suit. Likewise, general personal jurisdiction is not present as it cannot be premised solely on one's ownership of a company incorporated or formed in the forum state. *See Daimler AG v. Bauman*, 134 S.Ct. 746, 760-61 (2014) (holding that general jurisdiction over parent corporation cannot be premised solely on its subsidiary's contacts that would render subsidiary subject to general jurisdiction). The Court does not have personal jurisdiction over Liu or Needleman.

**B.     Request for Jurisdictional Discovery**

The Third Circuit has held that jurisdictional discovery is warranted "unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003). A claim of personal jurisdiction is not "clearly frivolous" when a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state. *See id.* Here, for the reasons discussed, Plaintiff has not met this burden. Plaintiff's allegations, taken in the light most favorable to Plaintiff, are insufficient to establish personal jurisdiction and do not suggest with reasonable particularity the

possible existence of the requisite contacts. Jurisdictional discovery is not warranted. Accordingly, the Court will deny Plaintiff's request.

### C. Venue

Defendants argue that this suit should be dismissed pursuant to Rule 12(c)(3). (D.I. 25 at 16-18) Because the Court has personal jurisdiction over only one of the defendants, the Court considers the motion only as it applies to Smallbeard LLC, the remaining defendant. According to 28 U.S.C. § 1391(1), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Because Smallbeard is formed under the laws of Delaware, it qualifies as a resident of Delaware. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54 (2011). Accordingly, the Court finds that venue is proper under § 1391(1).

### D. Request for Stay

Defendants request that the Court stay this case until resolution of litigation pending in the District Court of Harris County, Texas. (D.I. 25 at 18-20) Before determining if a stay is proper, the Court must first determine whether the suits are parallel. *See Sanitec Indus. Inc. v. Sanitec Worldwide, Ltd.*, 376 F. Supp. 2d 575, 578 (D. Del. 2005). Two cases are generally considered parallel when they involve the same parties and the same claims. *See id.* Parallelism turns on whether the state litigation will dispose of all of the claims raised in the federal case. *See id.*

Here, the two cases are not parallel. The suit in Texas state court is for breach of contract (*see generally* D.I. 28), while here, Plaintiff has alleged trademark infringement (in addition to breach of contract). Even assuming that the breach of contract claims are parallel (which they do

10

not appear to be) the Texas litigation will not resolve the trademark infringement issues. Thus, the suits are not parallel, and a stay is not warranted.

## IV. CONCLUSION

For the reasons set forth above, the Court will grant in part and deny in part Defendants' motion, and deny Plaintiff's request for jurisdictional discovery. An appropriate Order follows.